HULLET *v.* CADICK MILLING COMPANY.

[No. 13,570. Filed November 14, 1929.]

*Nat H. Youngblood*, for appellant.

*Ora A. Davis*, for appellee.

NICHOLS, J.—Action by appellee against appellant and one Mahone to recover $232.21, which appellee alleges was paid to appellant through mistake.

It appears by the special findings of fact that Mahone, during the farming season of 1927, was farming as a tenant on certain lands of Clyde O. Lowell, in Warrick county, and raised a crop of wheat thereon of 351 bushels and 50 pounds. Lowell owned one-half thereof. Mahone owed a debt of approximately $1,300, which was executed prior to August 19, 1927, secured by a mortgage on Mahone's one-half of said wheat crop and other property, and was a valid and subsisting lien thereon. Appellee, during the month of July, 1927, and prior thereto, knew that Lowell owned and was entitled to one-half of said wheat crop. Appellee, during the month of July, 1927, and prior thereto, and up to and since August 19, 1927, maintained a grain elevator in Boonville, in which it bought and sold wheat, and the same was in charge of John Wilkinson, who was acting as agent for appellee in conducting its business at said elevator. Prior thereto, Mahone delivered to appellee's elevator for sale, all of said wheat crop of 351 bushels and 50 pounds, one-half of which was his and one-half Lowell's, and sold the same at $1.32 per bushel, for which appellee had theretofore paid Mahone $90 on his share thereof. On August 19, 1927, there was due on Mahone's share of said wheat $142.21, and to Lowell on his part thereof, $232.21, and appellant, by virtue of his mortgage, and at the direction and with the con-

sent of Mahone, demanded of appellee's agent at said elevator payment for said wheat. Appellee, at said time, by its said agent, on said demand, gave to appellant appellee's check for $374.42, payable to Mahone, being the full balance due on said wheat, including the portion thereof which should have been paid to Lowell. Appellee's agent at the time of said payment, by mistake, inadvertence and oversight, and not having in mind at the time that one-half of said wheat belonged to Lowell, paid appellant for the whole of said wheat crop, including $232.21 more than he should have paid appellant for Mahone's share of said crop. Appellant did not know of said mistake at the time the check was drawn and given to him, at the time he made each of the payments hereinafter set out, nor at any time prior to September 3 or 4, when he was notified thereof by appellee's agent, and appellant acted in good faith throughout all of said transactions and believed, at all times until September 3 or 4, 1927, that said check and the proceeds thereof were only in payment of the interest of Mahone in said wheat crop and did not know, at any of said times, that said check included any amount due any person other than Mahone.

Appellant, on August 19, 1927, indorsed said check by writing on the back thereof both the name of Mahone and of himself, and presented the same to the City National Bank of Boonville for payment, and deposited the proceeds of the same in said bank in his individual name and checking account. Appellant, at said time, had a checking account at said bank and has continuously had said checking account at said bank up to the time of the trial of this cause, September 13, 1928.

Appellant thereafter paid the following accounts for Mahone by giving appellant's personal check for the

same, or by giving the money therefor which appellant drew out of his own checking account:

| | |
|---|---:|
| To Meyer Brothers | $ 14.00 |
| To George Schick | 24.00 |
| To Liberty Grocery Store | 43.00 |
| To Boonville Ice Factory | 1.80 |
| To J. H. Mahone | 142.00 |
| To appellant, interest on loan | 96.22 |
| To John Wilkinson & Cadick Milling Co. | 53.40 |
| Total | $374.42 |

Appellant had, before said payments, guaranteed the payment of all said accounts except the amounts paid to himself as interest and the amount paid appellee and said Wilkinson as aforesaid and the amount paid to said Mahone as aforesaid. Said amounts were paid by appellant during the latter part of August, 1927, and by the first of September, 1927.

On or about September 3 or 4, 1927, appellee, by its said agent, notified appellant of said mistake and overpayment as herein found and demanded return from him thereof. Appellant refused to repay the same, and still refuses so to do, up to and including the time of this trial, and no part thereof has been repaid by appellant. Appellee has paid to Lowell the amount of said money due on said wheat crop, $232.21.

As conclusions of law upon the facts, the court stated: (1) That the law is with appellee; (2) that appellee is entitled to recover from appellant $232.21. On these conclusions, judgment was rendered for appellee, from which this appeal, appellant assigning as error the conclusions of law and the overruling of appellant's motion for a new trial.

Under the circumstances as disclosed by the special findings, the rule as stated in *Ball* v. *Shepard* (1911), 202 N. Y. 247, 95 N. E. 719, that there can be no re-

covery if, by reason of the payment, the party receiving it has so changed his position to his prejudice that it would be unjust to require him to refund, must be held to apply. The rule is thus stated in 48 C. J. at page 767: "In general, where a payee has changed his position to his prejudice in reliance upon the payment and cannot be placed in *statu quo*, the payment cannot be recovered, although made under a mistake of fact." Again, on the same page, it is stated that "Money paid by mistake to an agent, stakeholder, or other person acting only in a representative capacity cannot be recovered back from him if he has settled his accounts or paid it over to his principal before notice, and the loss would fall on him individually."

Here, appellant, without knowledge that too much money was being paid to him, and, acting in good faith and collecting the money by the direction of Mahone, paid it out for him to divers creditors. Of the total amount of $374.42 paid out, the payment of but $82.80 had been guaranteed by him, and, after paying creditors as set out in the findings, he paid $142, balance in hand, to his principal. We do not determine as to whether appellee has a right of action against Mahone, but it seems clear to us that it cannot recover as against appellant.

The judgment is reversed, with instructions to restate the conclusions of law in favor of appellant, and to render judgment accordingly.